Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*The Pinkfong Company, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PINKFONG COMPANY, INC., <br><br> *Plaintiff* <br><br> v. <br><br> AVENSY STORE, BEGIOL TTC, BOLMQHTS, CHENGMAICHAO, CHENYAOYU糖果 a/k/a CHENYAOYU CANDY, CTNUOBEE, DSFDSFHOO, FANGRUJIUHENWANGLUOKEJI, HAHPEE, HEFEI XUEDAO TRADING CO., LTD, HEZIWEI, HUIHONGQI, JICHANGZHOUXIANSUI, KUIJIDIANZISHANGWUSHOP, LIUZLIUZHIXIAOIXIAO, LUYUBEIMEIDIANPU, MEOW-MEOW-MEOW, PULI-US-US, RONGHANG US, SHARK US DZ-27, SHARKALAKA, SUMMER STORY, TANGCHUN, TENGYI DIRECT, XIAOSHUWEIXIAODIAN, YANGPENGFEI123, YUANHSAOMING, ZHANGBAODEBEIMEIDIANPU, ZHANGJINCHENGANQINGSHOUKONG, ZHENKA SHOP, ZHOUQIGONGSI, ZUZU BOOM and 盛煊木业有限公司 a/k/a SHENGXUAN WOOD INDUSTRY CO., LTD, <br><br> *Defendants* | **CIVIL ACTION NO. 23-cv-9238 (JLR)** <br><br> ~~[PROPOSED]~~ **ORDER DIRECTING THE TURNOVER OF DEFAULTING DEFENDANTS' ASSETS FROM AMAZON** |

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff** | The Pinkfong Company, Inc. | N/A |
| **Defendants** | Avensy store, BeGiol TTC, BOLMQHTS, chengmaichao, chenyaoyu糖果 a/k/a chenyaoyu candy, CTNUOBEE, dsfdsfhOO, FangRuJiuHenWangLuoKeJi, hahpee, Hefei Xuedao Trading Co., Ltd, HEZIWEI, HuiHongQi, jichangzhouxiansui, kuijidianzishangwuSHOP, liuzliuzhixiaoixiao, luyubeimeidianpu, Meow-meow-meow, PULI-US-US, Ronghang US, SHARK US DZ-27, sharkalaka, summer story, TANGCHUN, TengYi Direct, XiaoShuWeiXiaoDian, YangPengFei123, yuanhsaoming, Zhangbaodebeimeidianpu, ZhangJinChengAnQingShouKong, Zhenka Shop, Zhouqigongsi, ZUZU BOOM and 盛煊木业有限公司 a/k/a Shengxuan Wood Industry Co., Ltd | N/A |
| **Defaulting Defendants** | BeGiol TTC, BOLMQHTS, CTNUOBEE, hahpee, HEZIWEI, HuiHongQi, liuzliuzhixiaoixiao, SHARK US DZ-27, sharkalaka, TengYi Direct, yuanhsaoming, ZhangJinChengAnQingShouKong, Zhenka Shop, Zhouqigongsi and 盛煊木业有限公司 a/k/a Shengxuan Wood Industry Co., Ltd. | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on October 19, 2023 | 1 |
| **Complaint** | Plaintiff's Complaint filed on October 20, 2023 | 17 |
| **Application** | Plaintiff's e*x parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 20, 2023 | 24-26 |
| **Yang Dec.** | Declaration of Su Jeong Yang in Support of Plaintiff's Application | 26 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 25 |

i

| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered November 8, 2023 | 10 |
|---|---|---|
| **PI Show Cause Hearing** | December 10, 2024, hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | The Preliminary Injunction Order entered on December 7, 2023 | 13 |
| **Baby Shark Content** | One of Pinkfong's most successful creations, which is the Pinkfong "Baby Shark" song and viral music video with characters | N/A |
| **Baby Shark Applications** | U.S. Trademark Serial Application Nos.: 88/396,786 for registration of "PINKFONG BABY SHARK" for a variety of goods in Class 25; 88/529,984 for registration of "PINKFONG" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41; 88/530,086 for registration of "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41; 88/594,141 for "PINKFONG" for a variety of goods in Class 5; and 88/594,122 for "BABY SHARK" for a variety of goods in Class 5 | N/A |
| **Baby Shark Registrations** | U.S. Trademark Registration Nos.: 6,834,502 for "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29 and 30; 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 6,488,471 for "BABY SHARK" for a variety of goods in Classes 9, 16, 25 and 41; 4,515,238 for "BABY SHARK U.S.A" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; 4,993,122 for "PINKFONG" for a variety of goods in Classes 9 and 25; 6,487,494 for "PINKFONG" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 30 and 41; 6,138,374 for *pinkfong* for a variety of goods in Class 41; 6,337,210 for "PINKFONG BABY SHARK" for a variety of goods in Class 21; 6,343,519 for "PINKFONG BABY SHARK" for a variety of goods in Class 25; 6,503,438 for "PINKFONG" for a variety of goods in Class 5; and 6,495,600 for [musical notation] for a variety of goods in Classes 9 and 41 | N/A |
| **Baby Shark Marks** | The marks covered by the Baby Shark Registrations and Baby Shark Applications | N/A |
| **Baby Shark Works** | U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, | N/A |

ii

|  | | |
|---|---|---|
|  | covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot | |
| **Baby Shark Products** | A wide variety of consumer products created via an extensive worldwide licensing program such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works and/or products that are identical or confusingly or substantially similar to the Baby Shark Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Amazon, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are | N/A |

|  | hereinafter identified as a result of any order entered in this action, or otherwise |  |
|---|---|---|
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on May 9, 2024 | 68-71 |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | 69 |
| **Final DJ Order** | Final Default and Permanent Injunction Order Against Defaulting Defendants entered on April 17, 2025 | 75 |
| **Motion for a Turnover Order** | Plaintiff's Motion for an Order Directing the Turnover of Funds from Third Party Service Provider Amazon | TBD |
| **Nastasi Turnover Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Motion for a Turnover Order | TBD |

This matter comes before the Court by motion filed by Plaintiff for an Order directing the turnover of Defaulting Defendants' Assets held by Amazon, to be applied on account of the judgments in the amount of $50,000.00 against each and every Defaulting Defendant entered on April 17, 2025, pursuant to N.Y. C.P.L.R. § 5225, made applicable under Fed. R. Civ. P. Rule 69(a).

The Court, having considered the Memorandum of Law, Declaration of Gabriela N. Nastasi and all accompanying exhibits thereto, the Court hereby GRANTS the Motion for a Turnover Order.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1) The restraints on Defaulting Defendants' Financial Accounts held by Amazon are lifted for the sole purpose of effecting the transfer of all Defaulting Defendants' Assets to Plaintiff; and

2) Amazon shall turn over all of Defaulting Defendants' Assets held in Defaulting Defendants' User Accounts with Amazon, or so much of it as is sufficient to satisfy the judgment to Plaintiff.

**SO ORDERED.**

SIGNED this __25th__ day of __April_____, 2025, at _____11:47 a_.m.
              New York, New York

                                                _____
                                                HON. JENNIFER L. ROCHON
                                                UNITED STATES DISTRICT JUDGE

1